JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone: (510) 637-3929
   Facsimile: (510) 637-3724
   E-Mail: Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     Plaintiff, ) <br>     v. ) <br> RAFAEL MIRANDA, ) <br>     Defendant, ) | No. CR 07-00442 SBA <br><br> UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT RAFAEL MIRANDA <br><br> Hearing Date: March 11, 2008 <br> Hearing Time: 10:00 a.m. |

**I.**

**INTRODUCTION**

On July 12, 2007, a federal grand jury indicted Rafael Miranda ("defendant"), along with his co-defendant Thomas Richard Williams, for conspiracy to possess unregistered firearms, namely, silencers, in violation of 18 U.S.C. § 371. The defendant and the government subsequently submitted a plea agreement to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and the Court ordered the United States Probation Office (USPO) to prepare a pre-plea presentence investigation report (PSR). A hearing for change of plea and sentencing is currently scheduled for March 11, 2008.

In the plea agreement, defendant agreed to plead guilty to the sole count of the indictment and the parties agreed that defendant should be sentenced to sixty months (five years) imprisonment, three years supervised release, and a $100 special assessment.  In addition, both the plea agreement and the PSR correctly calculate the ultimate United States Sentencing Guideline (U.S.S.G.) offense level as 21 and the applicable guideline range as 57-60 months, given defendant is a criminal history category II.  The government respectfully requests that this Court accept the plea agreement entered into by the parties and proceed with a change of plea and sentencing of defendant.

## II.

## SENTENCING GUIDELINES CALCULATIONS

The parties agree with the USPO's computation of the sentencing guidelines applicable to defendant as follows:

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2K2.1(a)(5) (offense involved a firearm proscribed by 26 U.S.C. § 5845(a) (silencer)) |
| | + 2 | U.S.S.G. § 2K2.1(b)(4)(B)(offense involved firearms with obliterated serial numbers) |
| | + 4 | U.S.S.G. § 2K2.1(b)(6) (firearm to be used in connection with another felony offense) |
| | – 3 | U.S.S.G. § 3E1.1(a) & (b) (acceptance of responsibility) |
| **Total** | **21** | |

## III.

## DISCUSSION OF GUIDELINES CALCULATIONS

A.   **Base Offense Level and Specific Offense Characteristics**

Defendant admits in the factual basis of the plea agreement (paragraph 2) that he conspired with co-defendant Thomas Richard Williams to receive and possess firearms with obliterated serial numbers that were equipped with silencers to be used in armed robberies. Based on defendant's admissions, the parties and the USPO are in agreement that defendant's adjusted offense level is 24, prior to acceptance of responsibility.  (PSR ¶ 26).

**B.    U.S.S.G. § 3E1.1 (Acceptance of Responsibility)**

The government respectfully recommends that the defendant be granted a two-point reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting the facts establishing his guilt.

Defendant is likewise entitled to a third point for acceptance of responsibility under the distinct standard set forth in U.S.S.G. § 3E1.1(b). To qualify for this third point, the defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." § 3E1.1(b). Because the defendant intends to plead guilty in this case in a timely manner that avoided any preparation for trial, the government hereby moves that the he be granted this third point as well.

## IV.

## STATUTORY SENTENCING FACTORS

**A.    The Sentencing Guidelines Post-*Booker***

Under the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), this Court must analyze and consider the guideline factors before imposing sentences in federal criminal cases. 543 U.S. at 259, 261 (noting that Sentencing Reform Act "nonetheless requires judges to take account of the Guidelines together with other sentencing goals"); *see also United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (noting that the "[c]ontinuing duty of district courts to consult the Guidelines is statutory"). This Court, having calculated the guideline range, should then look to the factors set forth by Congress in 18 U.S.C. § 3553(a) to determine a reasonable sentence for defendant.

**B.    Consideration of the 3553(a) Factors**

The nature and circumstances of the offense, as well as defendant's personal history and characteristics, demonstrate the need for the statutory maximum sixty-month sentence. The defendant and Thomas Richard Williams conspired to purchase, and did in fact purchase, two

silenced firearms with obliterated serial numbers with the intent to use those firearms to rob – and potentially murder – targets with large amounts of cash. (PSR ¶¶ 7-12). The nature and circumstances of the offense demonstrate a cold and calculated willingness by the defendant to use dangerous and untraceable firearms to commit violent crimes. The offense is extremely serious and merits the statutory maximum sentence, which is also within the applicable guideline range. In addition, defendant was on probation for driving under the influence at the time that he and co-conspirator Williams hatched their robbery scheme. (PSR ¶¶ 34, 36). This demonstrates defendant's unwillingness to comply with the law and his failure to appreciate the need to comply with the terms of his probation. The agreed upon sentence of sixty-months imprisonment also reflects the seriousness of defendant's crime, will deter him from committing more crime in the future, will protect the public from defendant during the period of incarceration, will provide defendant with educational programs, and – as a sentence within the applicable guideline range – will avoid unwarranted disparity in sentencing.

## V.
## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court, taking into consideration the sentencing guidelines and sentencing factors set forth in section 3553(a), sentence defendant as agreed to by the parties and recommended by the USPO, namely, sixty months imprisonment, three years supervised release (under the terms and conditions recommended by the USPO), and a $100 special assessment.

DATED: March 4, 2008              Respectfully submitted,

                                  JOSEPH P. RUSSONIELLO
                                  United States Attorney


                                  _____/s/_____
                                  GARTH HIRE
                                  Assistant United States Attorney